### J. P. GRACY et al. *v.* JAS. M. CROW.

Judgment — Diligence — Law and Facts — Jury.
>   Diligence is a question of law to be applied by the court; the facts to be applied by the jury.

APPEAL FROM CALDWELL CIRCUIT COURT.

February 6, 1867.

OPINION OF THE COURT BY JUDGE ROBERTSON:

There was not only prudence but more than ordinary diligence in bringing the suit in Caldwell instead of Hopkins county, because the next term of the Hopkins Circuit Court being only a few days before that of the Caldwell Circuit Court, and the defendant to the action being then in Caldwell, there was more probability of a judgment at the first term than there might have been on the contingency of a timely service in Hopkins.

The judgment was in fact apparently obtained as early as it could have been by the utmost diligence. And, according to the weight of the proof, there was no negligence in issuing execution, and it is altogether probable that, had the execution been sent to the sheriff sooner than it was, the return of *"no property"* would have been the same.

Wherefore, although diligence is a question of law to be adjudged by the court, the facts to be applied by the jury did not

authorize the peremptory instruction to find for the defendant. The judgment is, therefore, reversed, and the cause remanded for a new trial.

Judge Peters did not sit in this case.

*James & Hewlitt,* for Appellant.